IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DEVIN SEATS,**
**#R65374,**

              **Plaintiff,**         Case No. 23-cv-03876-SPM

v.

**ANTHONY WILLS, and**
**MENARD TACT TEAM MEMBERS,**

              **Defendants.**

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Devin Seats, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### THE COMPLAINT

Plaintiff alleges that on February 9, 2023, there was an institutional shakedown, and he was taken to the chapel. In the chapel, while handcuffed, Plaintiff was sprayed with mace by members of the Menard Tactical Team for no reason. He was not allowed to use the bathroom and urinated on himself and vomited. Plaintiff requested but was denied medical treatment and forced to remain in the chapel sitting in his own vomit and urine with mace in his hair and eyes and on his face. When Plaintiff was returned to his cell, his water had been shutoff, and he was unable to wash his

face and hair for two hours. Plaintiff asked for medical treatment, and his request was again denied.

## PRELIMINARY DISMISSALS

To the extent Plaintiff is bringing his allegations of excessive force, failure to protect, and deliberate indifference to a serious medical need pursuant to the substantive due process clause, the Court will examine his claims only under the Eighth Amendment. This is because where a claim is covered by a more specific constitutional provision, such as the Eighth Amendment, the Supreme Court has held that the claim must be analyzed under the standard appropriate to that specific provision instead of substantive due process. *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998). Accordingly, Plaintiff's Fourteenth Amendment substantive due process claims are dismissed.

## DISCUSSION

Based on the allegations in the Complaint, the Court finds it convenient to designate the following counts:

**Count 1:** Eighth Amendment against Warden Anthony Wills for failing to protect Plaintiff from the actions of the Menard Tactical Team and deliberate indifference to his serious medical needs.

**Count 2:** Eighth Amendment claim of excessive force and/or failure to protect against Butler and John Does 1-12 for spraying Plaintiff with pepper spray on February 9, 2023.

**Count 3:** Eighth Amendment claim against Butler and John Does 1-12 for deliberate indifference to Plaintiff's serious medical needs.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**Count 1**

To state a claim under the Eighth Amendment, a plaintiff must plead that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010).

Here, Plaintiff asserts that Warden Anthony Wills failed to protect him from the actions of the Menard Tactical Team on February 9, 2023. (Doc. 1, p. 6). Plaintiff also states that Wills was deliberately indifferent. These allegations are not sufficient to state an Eighth Amendment claim against Warden Wills. There are no facts from which the Court can reasonably infer that Wills was present in the chapel when the Tactical Team Members assaulted Plaintiff and denied him medical treatment or that Wills was aware of or otherwise involved in the events that occurred on February 9, 2023. The Warden cannot be held liable solely on the basis of his position as a supervisor. *Chavez v. Ill State Police*, 251 F.3d 612, 651 (7th Cir. 2001). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Accordingly, Count 1 is dismissed.

**Count 2**

Count 2 will proceed against Butler[2] for spraying Plaintiff with mace while Plaintiff was handcuffed and without cause. *See Hendrickson v. Cooper,* 589 F.3d 887, 890 (7th Cir. 2009); *Graham v. Hildebrand*, 203 F. App'x 726, 731 (7th Cir. 2006).

Count 2 will also proceed against the remaining Menard Tactical Team Members, John Does 1-12,[3] for spraying Plaintiff with pepper spray and/or standing by and watching while

---

[2] Based on the allegations in the Complaint, the Clerk will be directed to update the docket to add Butler as a defendant.

[3] In the case caption, Plaintiff lists Menard Tact Team Members as a single group of defendants. In the Complaint, he states that the Tactical Team is composed of around thirteen members, including Butler, who are either employed as Tactical Team Members or other security staff and were present in the chapel on February 9, 2023. For clarity, the

Plaintiff was assaulted.

### Count 3

Plaintiff has stated a claim against Butler and John Does 1-12 for denying Plaintiff's requests for medical treatment and not allowing him access to a shower or sink to wash off the pepper spray.

### OFFICIAL CAPACITY CLAIMS AND UNIDENTIFIED DEFENDANTS

Plaintiff brings his claims against Defendants in their individual and official capacities, but only seeks monetary damages. (Doc. 1, p. 8). State officials named in their official capacities may not be sued for monetary damages in federal court. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, the official capacity claims are dismissed.

Plaintiff will be allowed to proceed with Counts 2 and 3 against John Does 1-12, but these defendants must be identified by first and last names before service of the Complaint can be made on them. Plaintiff will have the opportunity to engage in limited discovery to ascertain their identities. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). Although all claims against Warden Anthony Wills are dismissed, Wills will remain as a defendant in his official capacity only for the purpose of responding to discovery aimed at identifying the unknown defendant. Once Defendant Wills has entered an appearance, the Court will provide further instructions and deadlines for identifying the remaining John Does. Plaintiff is advised that it is ultimately his responsibility to identify the John Does.

### DISPOSITION

For the reasons stated above, the Complaint survives preliminary review pursuant to Section 1915A. The Court designates a number for each John Doe Defendant, and the Clerk of

---

Court will redesignated this group of unknown defendants as individual John Does. The Clerk of Court will be directed to modify the docket according to these new labels.

Court is **DIRECTED** to **ADD** the following Defendants to the docket: Butler, John Doe 1, John Doe 2, John Doe 3, John Doe 4, John Doe 5, John Doe 6, John Doe 7, John Doe 8, John Doe 9, John Doe 10, John Doe 11, and John Doe 12. In light of these new John Doe designations, "Menard Tact Team Members" shall be **TERMINATED** from the docket.

**COUNT 1** is **DISMISSED without prejudice. COUNTS 2** and **3** shall proceed against Butler and John Does 1-12. Wills shall remain a defendant in his official capacity only for the purpose of responding to discovery aimed at identifying the John Does.

The Clerk is further **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court shall prepare for Butler, Wills (official capacity only), and John Does 1-12 (once identified) the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is directed to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

With the exception of Warden Wills, the defendants are **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, the defendants only need to respond to the issues stated in this Merit Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   May 6, 2024**

                                              *s/Stephen P. McGlynn*
                                              **STEPHEN P. MCGLYNN**
                                              **United States District Judge**

**NOTICE TO PLAINTIFF**

      The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.