IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEVIN SEATS,** <br><br> **Plaintiff,** <br><br> v. <br><br> **JONAH BUTLER,** *et al.*, <br><br> **Defendants.** | Case No. 23-cv-03876-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Pro se Plaintiff Devin Seats filed his Complaint pursuant to Section 1983 alleging violations of his constitutional rights. Plaintiff asserts that he was sprayed with mace while handcuffed and without provocation by members of the tactical team at Menard Correctional Center on February 9, 2023. (*See* Doc. 10). Following the incident, he was then denied medical treatment and not allowed to wash the chemical substance from his body. This matter is now before the Court on a motion for a temporary restraining order and preliminary injunction in which Plaintiff requests emergency injunctive relief to ensure his safety and his ability to send and receive mail. (Doc. 44).

In the motion, Plaintiff asserts that staff members are retaliating against him for initiating this lawsuit. Specifically, he claims: (1) Defendant Hempen and another correctional officer, Doty, have delayed his incoming and outgoing mail; (2) Internal Affairs Officer Gearhart issued him a fabricated disciplinary ticket; (3) Plaintiff's friends and attorneys have not received his mail on several occasions; (4) Defendant Slinkard threatened Plaintiff, calling him a snitch and telling him that he, Slinkard, was "going to let staff members and inmates know about [Plaintiff]. Tact team members stick together"; (5) he is being denied access to mental health services because

Page 1 of 3

correctional officers are not taking him to appointments when he has a call pass and falsely recording that he has refused to attend the appointment; (6) the water to his cell is being turned off in an attempt to harass and intimidate him; and (7) Defendants called him a rat and a snitch in front of other inmates. Plaintiff states that three of the defendants work in North Two Restrictive Housing, where he is currently housed, and continue to harass, intimate, and retaliate against him, along with other members of the tactical team. He fears for his life and safety. Plaintiff asks for a temporary restraining order and a preliminary injunction requiring the warden to address these issues and facilitate an emergency transfer.

An emergency injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To obtain a preliminary injunctive relief or a temporary restraining order (TRO), a plaintiff must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the injunction. *Meritte v. Kessel*, 561 F. App'x 546, 548 (7th Cir. 2014); *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). All three requirements must be satisfied before a court can consider whether injunctive relief is warranted. Furthermore, "a preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit, and deals with a matter presented in that underlying suit." *Daniels v. Dumsdorff*, No. 19-cv-00394, 2019 WL 3322344 at *1 (S.D. Ill. July 24, 2019) (quoting *Hallows v. Madison Cty. Jail*, No. 18-cv-881-JPG, 2018 WL 2118082, at *6 (S.D. Ill. May 8, 2018) (internal citations omitted)). *See also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Bird v. Barr*, 19-cv-1581 (KBJ), 2020 WL 4219784, at *2 (D.C. Cir. July 23, 2020) (noting that a court "only possesses the power to afford preliminary injunctive relief that is related to the claims at issue in the litigation").

Here, Plaintiff seeks emergency injunctive relief for claims that do not pertain to the

constitutional violations alleged in the Complaint, and thus, it is impossible for him to show a likelihood of success on the merits of these new claims. His allegations of harassment and retaliation in response to him filing this lawsuit are not the subject of this case, which focuses on the use of excessive force and the denial of medical treatment that occurred over a year ago on February 9, 2023. "Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit." *Devose,* 42 F. 3d at 471. If Plaintiff wishes to pursue emergency injunctive relief for the alleged retaliation he is suffering, Plaintiff will need to file a new lawsuit after properly exhausting his administrative remedies. The Court states no opinion on the merits of any such claims. For these reasons, the motion for a TRO and preliminary injunction is **DENIED.**

**IT IS SO ORDERED.**

**DATED:**   July 31, 2024

    *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**