UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEVIN SEATS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:23-cv-03876-GCS |
| | ) |
| JONAH BUTLER, KYLE BRUMLEVE, | ) |
| CURTIS DALLAS, RYAN CALLAIS, | ) |
| MATTHEW DULANEY, TROY | ) |
| SLINKARD, ALEX MALDONADO, | ) |
| DEVIN EGGERS, MARC HEMPEN, | ) |
| BRACE HUBERT, JUSTIN KULICH, | ) |
| and CHRISTOPHER WHERENBERG, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Before the Court are Plaintiff's Motions for Preliminary Injunction. (Doc. 68, 72). Plaintiff, Devin Seats ("Plaintiff") filed the Motions for Preliminary Injunction on September 17, 2024, and September 20, 2024. Defendants, Curtis Dallas, Ryan Callais, Matthew Dulaney, Jonah Butler, Troy Slinkard, Alex Maldonado, Devin Eggers, Marc Hempen, Brace Hubert, Justin Kulich, Kyle Brumleve, and Christopher Wehrenberg, filed a Response in Opposition to Plaintiff's Motions for Preliminary Injunction on October 1, 2024. (Doc. 76). Based on the following, Plaintiff's Motions for Preliminary Injunction are **DENIED**.[1] (Doc. 68, 72).

---

[1] No hearing on the motion is necessary because it is apparent from the face of Plaintiff's motions/complaint and reply that he is not entitled to the relief requested in this matter.

## BACKGROUND

Plaintiff, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. §1983 for alleged deprivations of his constitutional rights. (Doc. 1). Specifically, Plaintiff brings Eighth Amendment claims for deliberate indifference to Plaintiff's serious medical needs, failure to protect, and excessive force. (Doc. 10, p. 2). Plaintiff alleges that on February 9, 2023, during an institutional shakedown, he was handcuffed and taken to the chapel. (Doc. 1, p. 6-7); (Doc. 10, p. 1). Then, members of the Menard Tactical Team sprayed Plaintiff with mace for no reason. *Id.* He was not allowed to use the bathroom and urinated and vomited on himself. *Id.* Plaintiff's requests for medical treatment were denied, and he was forced to remain in the chapel covered in mace, vomit, and urine. *Id.* When Plaintiff was returned to his cell, his water had been shutoff, and he was unable to wash himself for two hours. *Id.* His subsequent requests for medical treatment were again denied. *Id.*

On July 26, 2024, Plaintiff filed a Motion for Preliminary Injunction, claiming that Menard staff members were retaliating against him for initiating this lawsuit. (Doc. 44) The Court denied the Motion because the claims of retaliation and harassment raised in the motion did not pertain to the constitutional violations alleged in the complaint. (Doc. 50, p. 3).

Plaintiff's current Motions for Preliminary Injunction similarly raise claims pertaining to retaliation for this lawsuit or other matters which are entirely separate from the underlying claims. (Doc. 68, 72). Specifically, he claims that on August 5, 2024,

Defendant Dulaney gave Plaintiff a screw and told him "kill yourself with this." (Doc. 68, p. 1). Defendant Dulaney then conversed with Defendants Kulich and Dallas about whether Plaintiff would do so. (Doc. 72, p. 1). The next day, after Plaintiff used the screw to slice his wrist, other prison staff denied him medical and mental health treatment; instead, they sprayed him with mace and denied him a shower. *Id.* On several occasions, including August 19, 2024, and September 7, 2024, different correctional officers sprayed Plaintiff with mace and told him they hated "his kind . . . jail house lawyers," he had made "a lot of people angry here," and to, "drop the frivolous law suits, []." (Doc. 68, p. 2, 4); (Doc. 72, p. 2). They continued to deny Plaintiff's requests for showers and medical attention. *Id*. On one of these occasions, his mattress was taken and withheld for 10 days. (Doc. 68, p. 2). When Plaintiff was able to speak with mental health professional Nicholson, she told him "security is angry at you, for your lawsuits," (Doc. 68, p. 2), and "some of your defendants are mad at you for suing them," (Doc. 72, p. 3). She also acknowledged that the defendants refused to document his visits or get Plaintiff a shower or mattress. (Doc. 68, p. 2).

Plaintiff further alleges that on August 26, 2024, Defendant Kulich made racial and sexual comments about Plaintiff's hair and penis. (Doc. 68, p. 3); (Doc. 72, p. 2). Defendant Kulich and another prison official then issued a fabricated disciplinary ticket that Plaintiff had contraband in his hair. (Doc. 68, p. 3); (Doc. 72, p. 2). Plaintiff asserts that the disciplinary ticket was "fabricated and retaliation." (Doc. 68, p. 3).

Additionally, Plaintiff alleges that Defendant Kulich informed him that "higher ups" directed law library staff to delay or block his outgoing mail. (Doc. 68, p. 3); (Doc.

72, p. 3). He informs the Court that he attempted to file two prior Motions for Preliminary Injunction that Menard Staff refused to send. (Doc. 68, p. 3). Finally, Plaintiff asserts that he has been denied his property in an attempt by Menard Staff to deny him access to the courts. *Id.*; (Doc. 72, p. 3). Plaintiff directly states that he is "being targeted by these Defendant on a daily basis . . . they are retaliating against [me] for this litigation." (Doc. 72, p. 3).

## LEGAL STANDARDS

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To obtain preliminary injunctive relief, a plaintiff must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; (3) he will suffer irreparable harm without the injunction; (4) the threat of harm to the plaintiff outweighs the threatened harm to the defendant if the injunction were issued; and (5) the granting of a preliminary injunction will not disserve the public interest. *See Kiel v. City of Kenosha*, 236 F.3d 814, 815-816 (7th Cir. 2000); *Somerset House, Inc. v. Turnock*, 900 F.2d 1012, 1014-15 (7th Cir. 1990). Moreover, "a preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit, and deals with a matter presented in that underlying suit." *Daniels v. Dumsdorff*, Case No. 19-cv-00394-NJR, 2019 WL 3322344, at *1 (S.D. Ill. July 24, 2019) (quoting *Hallows v. Madison County Jail*, Case No. 18-cv-881-JPG, 2018 WL 2118082, at *6 (S.D. Ill. May 8, 2018) (internal citations omitted)). Furthermore, the Prison Litigation Reform Act also provides that, in the event injunctive relief is

Case 3:23-cv-03876-GCS   Document 78   Filed 12/06/24   Page 5 of 6   Page ID #212

warranted, any injunction must be "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

## DISCUSSION

Defendants argue that Plaintiff has failed to meet his burden of proof for a preliminary injunction "as the allegations are not sufficiently of the same character . . . as this lawsuit." (Doc. 76, p. 2). The Court agrees.

The relief Plaintiff seeks does not relate to his underlying claims in the present lawsuit; thus, despite the potential merit of his underlying claims and/or the likelihood of irreparable harm, Plaintiff may not proceed. *See, e.g.*, *Robertson v. Moldenhauer*, Case No. 3:22-cv-00750-GCS, 2024 WL 4542462, at *2 (S.D. Ill. Oct. 21, 2024) (denying plaintiff's claim for injunctive relief when plaintiff's allegations related to a new incident, not the underlying claim which focused on a single dated incident); *Sangster v. Nicole*, Case No. 23-cv-2581-MAB, 2024 WL 1961903, at *3 (S.D. Ill. May 2, 2024) (denying plaintiff's claim for injunctive relief when plaintiff's allegations did not relate to the underlying claim which focused on a single, specifically dated incident); *Williams v. Wexford Health Services*, Case No. 3:22-cv-02476-GCS, 2024 WL 1637543, at *1 (S.D. Ill. April 16, 2024) (finding that Plaintiff's allegations of retaliation for filing his lawsuit were distinct from the facts of his underlying case).

In his Motions for Preliminary Injunction, Plaintiff alleged that he has been mistreated by Menard staff in retaliation for bringing this lawsuit. (Doc. 68, 72). The allegations of retaliation are new claims. They do not "deal with" the February 9, 2023,

incident "presented in the underlying suit." *Daniels*, 2019 WL 3322344, at *1 (quoting *Hallows*, 2018 WL 2118082, at *6). And when considered on their own, separate from possible retaliation, they do not in any way concern the February 9th incident. "Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit." *Lyons v. White*, Case No. 23-cv-02801-SPM, 2024 WL 4449321, at * 3 (S.D. Ill. Oct. 9, 2024) (citing *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). To pursue injunctive relief for alleged retaliation, Plaintiff will need to file a new lawsuit stating those claims and file a motion for injunctive relief in that new action. The Court provides no opinion on the merit of such claims. Accordingly, Plaintiff's Motions for Preliminary Injunction are **DENIED**. (Doc. 68, 72).

**IT IS SO ORDERED.**

**DATED: December 6, 2024.**

Gilbert C Sison
Digitally signed by Gilbert C Sison
Date: 2024.12.06 14:37:01 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**